**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

-vs-                                                                   **Case No. 2:07-cv-807-FtM-34DNF**

**ROBERT J. HERDOIZA,**

    **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

> **MOTION:**     **MOTION TO DISMISS (Doc. No. 32)**
>
> **FILED:**        April 30, 2008
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The Respondent, Robert J. Herdoiza is requesting that the Court dismiss this action with prejudice on the grounds that the Court lacks *in personam* jurisdiction, the essential elements are lacking, entrapment, and due process. The Petitioner, the United States of America filed a response opposing the Motion to Dismiss.

This action was brought on a Petition to Enforce Internal Revenue Service Summons against the Respondent. (See, Doc. 1). The Internal Revenue Service ("IRS") brought this action against the

Respondent for the tax years 1994, 1995, 1996, 1997, 1998, 1999, 2000, and 2001. The IRS Summons requested documents from January 1, 2006 to present.

The Petitioner alleges that the Court lacks *in personam jurisdiction* over him. The Order to Show Cause (Doc. 3) allowed the Respondent the opportunity to file a written response to the Petition to Enforce Internal Revenue Service Summons. The Order to Show Cause (Doc. 3) cautioned the Petitioner that "[o]nly those issues raised by motion or responsive pleading shall be considered by the Court, and any uncontested allegations in the Petition shall be deemed admitted." (Doc. 3, p. 1-2). The Respondent filed a Motion to Set Aside Court Order (Doc. 6) which was denied by Order (Doc. 13). The Respondent did not raise the issue of *in personam jurisdiction* in that Motion to Set Aside Court Order (Doc. 6). The Court held a hearing on the Order to Show Cause on February 11, 2008, and entered an Order (Doc. 13) which required the Respondent to appear before the Revenue Officer and comply with the Summons.

"It is well-settled that lack of personal jurisdiction is a waivable defect, and that a defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading or a Fed.R.Civ.P. 12 motion." *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004), see also Fed.R.Civ.P. 12(h). The Respondent failed to object to personal jurisdiction in his initial response to the Order to Show Cause, therefore, he has waived his right to raise the issue of personal jurisdiction. Further, Mr. Herdoiza admitted that he was personally served in Cape Coral, Florida, "at [his] door" and never denied that he is residing in Lee County, Florida. (See, Doc. 6, p.

2). The Respondent was personally served in Lee County, Florida and pursuant to 26 U.S.C. §7604(a)[1], this Court has personal jurisdiction over the Respondent.

Although not specifically listed as a ground to dismiss, the Respondent also raised the argument that he is not subject to the Internal Revenue Code. "The assertion that the Treasury Department and Internal Revenue Service has no power over this appellant and this subject matter is frivolous. Congress has the power to lay and collect taxes, U.S. Const. Art. I, §8, cl.1, and may 'lay and collect taxes on income, from whatever source derived, without apportionment among the several states.'" U.S. Const. Amend. XVI. The Treasury Department and Commissioner of Internal Revenue are charged with administering and enforcing the collection of taxes imposed by Congress. *See*, I.R.C. §§7801, 7802." *Madison v. U.S.*, 758 F.2d 573, 574 (11th Cir. 1985). The Court determines that the Respondent is subject to the Internal Revenue Code.

The Respondent also argues that "the essential elements" are lacking in this case and "entrapment." The Respondent fails to assert any legal or factual basis to support these claims. The Respondent asserts that his due process rights were violated. Again, the Respondent fails to provide any legal or factual arguments in support of his claim.

The Court determines that the Respondent has failed to prevail on the issues raised in his Motion to Dismiss. Therefore, the Court respectfully recommends that the Motion to Dismiss (Doc. 32) be denied.

---

[1] The statute provides that "[i]f any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data." 26 U.S.C. §7604(a).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __2nd__ day of July, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record