**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

UNITED STATES OF AMERICA,

        Petitioner,

-vs-                                            Case No. 2:07-cv-807-FtM-34DNF

ROBERT J. HERDOIZA,

        Respondent.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. 43; Report), entered on July 2, 2008, recommending that Respondent's Motion to Dismiss (Doc. 32) be denied. See Report at 1, 3. On July 14, 2008, Respondent, proceeding pro se, filed his Response to the Assistant United States Attorney's Report and Recommendation and Request for the Court to Reconsider its Order to Grant the Dismissal (Doc. 45; Respondent's Objections), which the Court will construe as Respondent's written objections to the Report's findings and recommendations. On July 23, 2008, Petitioner filed its Response to Respondent's Objections to the July 2, 2008 Report and Recommendation (Doc. 50).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions

de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Automobili Lamborghini Spa v. Lamboshop, Inc., No. 2:07-cv-266-FtM-29SPC, 2008 WL 2743643, *1 (M.D. Fla. July 10, 2008).

This is an action to enforce an Internal Revenue Service summons.  See Petition to Enforce Internal Revenue Service Summons (Doc. 1; Petition) at 1.  In his Motion to Dismiss, Respondent asserted that the Court should dismiss the Petition with prejudice based on lack of personal jurisdiction, lack of essential elements, entrapment, and due process.  See Motion to Dismiss at 1.  Respondent failed to identify any explanation or legal authority supporting his lack of essential elements, entrapment, and due process arguments.  See generally, id.  Upon consideration of those allegations, the Magistrate Judge found that Respondent "failed to prevail on the issues raised in the Motion to Dismiss."  Report at 3.

Respondent also argued that the Court lacked personal jurisdiction over him.  See Motion to Dismiss at 1, 3, 6.  The Magistrate Judge, however, determined that the Court has personal jurisdiction over Respondent because he (1) was served with process at his home in Lee County, Florida, and (2) failed to raise lack of personal jurisdiction in his initial pleading.  See Report at 2 - 3.  Although not specifically raised by Respondent, the Magistrate Judge also determined that Respondent is subject to the Internal Revenue Code. See id. at 3 (citing Madison v. United States, 758 F.2d 573, 574 (11th Cir. 1985) ("The assertion that the Treasury Department and Internal Revenue Service have no power over this appellant and this subject matter is frivolous.")); see also United States v. Morse, 2008 WL 2570824, *1 (11th Cir. June 30, 2008) ("The IRS is charged with administering and enforcing Congress' power to lay and collect taxes, including on income from whatever

source derived.")

In his objections, Respondent does not object to the Report's factual findings.[1] Rather, Respondent raises new legal arguments and reargues old ones, none of which have any merit.[2] See generally, Respondent's Objections.

Therefore, based upon an independent examination of the record and a de novo review of the legal conclusions, the Court concludes that Respondent's Objections should be overruled and Magistrate Judge Frazier's Report should be accepted.

Accordingly, it is hereby **ORDERED**:

1. Respondent's Response to the Assistant United States Attorney's Report and Recommendation and Request for the Court to Reconsider its Order to Grant the Dismissal (Doc. 45), which the Court construes as Respondent's objections to the Report, is **OVERRULED**.

2. Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. 43) is **ACCEPTED**.

---

[1] In his Respondent's Objections, although Respondent states the "he has never refused to comply with any order or summons lawfully issued," Respondent's Objections at 2, this is not an objection to any of the Magistrate Judge's factual findings. In addition, Respondent does not deny that he did not comply with the summons. See the April 17, 2008 Order (Doc. 31), in which Magistrate Judge Frazier found that Respondent had failed to comply with the summons. Rather, it appears that Respondent believes that the summons was not lawfully issued.

[2] Indeed, as noted, while Respondent did not initially challenge the Court's subject matter jurisdiction, the Magistrate Judge considered the applicability of the Internal Revenue Code and properly found him subject to its requirements.

3.	Respondent's Motion to Dismiss (Doc. 32) is **DENIED**.

**DONE AND ORDERED** in Chambers, this 1st day of August, 2008.

MARCIA MORALES HOWARD
United States District Judge

lc7

Copies to:

Counsel of Record
Pro Se Party