UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**

    **Petitioner,**

-vs-                Case No. 2:07-cv-807-FtM-29DNF

**ROBERT J. HERDOIZA,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

  This action is before the Court on the United States of America's Petition to Enforce Internal Revenue Service Summons (Doc. 1) for the judicial enforcement of a Summons issued pursuant to 26 U.S.C. §§7402(b) and 7604(a). The Petition to Enforce was filed on October 30, 2007. This matter was referred to this court pursuant to Local Rule 6.01(c)(11).

  **I. Background**

  The Petition to Enforce is to enforce an Internal Revenue Service ("IRS") summons against the Respondent, Robert J. Herdoiza ("Herdoiza"). (See, Exh. 2 to Doc. 1). The IRS is conducting an investigation for the collection of Individual Federal Income taxes for the years, 1994, 1995, 1996, 1997, 1998, 1999, 2000, and 2001. In the Petition, the United States of America ("United States") alleges that Revenue Officer Louis issued a Summons directing Herdoiza to appear on January 25, 2007, to give testimony and to produce documents for examination from January 1, 2006 through the date of compliance with the Summons. Herdoiza failed to appear on January 25, 2007. An Order to

Show Cause was issued by the Court on November 2, 2007, requiring Herdoiza to appear on January 28, 2008[1] before the Court and show cause why he should not be compelled to comply with the IRS summons served on January 3, 2007. Pursuant to the request of Herdoiza, the hearing on the Order to show cause was continued until February 11, 2008.

**II. Evidentiary Hearings**

At the hearing on February 11, 2008, the Court found that the United States had met its burden to enforce the summons, and that Herdoiza had failed to disprove any of the required four elements. (See, Doc. 19). The Court entered an Order (Doc. 19) on February 13, 2008 ordering Herdoiza to appear on March 12, 2008 before a Revenue Officer and Herdoiza was ordered to comply fully with the Internal Revenue Service Summons issued on January 3, 2007. Herdoiza appeared however, he refused to comply with the Summons claiming a Fifth Amendment privilege.[2] The Court entered an Order (Doc. 31) requiring Herdoiza to file *in camera* all documents in his possession which comply with the Internal Revenue Services Summons dated January 3, 2007. The Court reviewed the documents provided and then set an evidentiary hearing on July 21, 2008, allowing Herdoiza the opportunity to show the Court that he is in fear of criminal prosecution.

---

[1] The Order to Show Cause (Doc. 3) was issued by the Honorable Sheri Polster Chappell, United States Magistrate Judge to appear before her on January 28, 2008. On December 11, 2007, this case was reassigned to the undersigned, and the hearing was held before the undersigned on that same date.

[2] On April 30, 2008, Herdoiza filed a Motion to Dismiss (Doc. 32). A Report and Recommendation (Doc. 43) was entered on July 2, 2008, recommending that the Motion to Dismiss be denied.

At the hearing on July 21, 2008, the Court asked Herdoiza if he was invoking his Fifth Amendment Privilege and he responded, "Well I object to that, Your Honor." (Tr[3]. p. 3). The Court attempted to determine if Herdoiza was invoking his privilege, and he continued to object, then he stated "It's not my wish that it should happen." (Tr. p. 3). The Court attempted to determine what was not his wish, and finally Herdoiza stated that it was not his wish that the whole proceeding happen. (Tr. p. 4). The Court again attempted to have Herdoiza explain why his Fifth Amendment privilege applied to the documents that were provided *in camera*. (Tr. p. 4). Herdoiza again objected. (Tr. p. 5). The Court asked the United States if there is a criminal referral, and counsel for the United States stated, "There is no referral at this time." (Tr. p. 5). Again, the Court allowed Herdoiza one last chance to explain why his Fifth Amendment privilege applies. (Tr. p. 5). Herdoiza responded: "Because I have the right to invoke my Fifth Amendment privilege if I feel threatened and in the past, I've felt threatened, under threat and duress and fear of going to jail. It's the only reason I brought my papers in to the court." (Tr. p. 5-6). Herdoiza then stated he has the evidence to support his fears, and testified as follows:

> Privacy Act statement, letter sent to me by the IRS in June states that we may give the information to the Department of Justice for civil and criminal litigation. The treasury regulation, Subchapter F Section 301.7602-1 it says right in their regulation, says the summons power may be used in an investigation of civil or criminal tax related liability.
> The – a letter received from Mr. Joseph threatening me. This was dated November 13th, 2007. It says: You can avoid the hearing and also resolve your case without any adverse collection action such as the seizure and sale of your residence.
> I feel threatened, Your Honor, with all of what's saying here and I – I stand on my paperwork that I've submitted into this Court, respectfully.

(Tr. p. 6).

---

[3] "Tr." refers to the Transcript (Doc. 48) of the evidentiary hearing held on July 21, 2008.

### III. Analysis

### A. Enforcement of Summons

The Court set forth the law and analysis regarding the enforcement of the IRS summons in its Order (Doc. 19) entered on February 13, 2008 and will restate it here. Courts have jurisdiction to issue appropriate process for the enforcement of IRS summons pursuant to 26 U.S.C. §§7402(b) and 7604(a). The IRS need not meet a probable cause standard to obtain enforcement of its summons. *United States v. Powell*, 379 U.S. 48, 57-8 (1964). To obtain judicial enforcement of a summons, the IRS must show the following:

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.

*United States v. Powell*, 379 U.S. at 57-8, *see also United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1993). The Government's burden is minimal and may be met by providing a sworn affidavit of the agent who issued the summons and who attests to the facts. *United States v. Medlin*, 986 F.2d at 466. The burden then shifts to "'the party contesting the summons to disprove one of the four elements of the government's *prima facie* case or convince the court that enforcement of the summons would constitute an abuse of the court's process.'" *Id*. at 466-7, (quoting *La Mura v. United States,*, 765 F.2d 974, 979-80 (11th Cir. 1985)). The burden on the party contesting the summons is a heavy one and requires allegations of specific facts and the introduction of evidence. *United States v. Leventhal*, 961 F.2d 936, 939 (11th Cir. 1992).

In the Petition to Enforce Internal Revenue Service Summons (Doc. 1), the Government proffered that it was conducting an investigation for the collection of the individual federal income tax assessments for the years 1994 through 2001 for the Respondent which is a legitimate purpose.

Obtaining testimony and documents is relevant for the purpose of collection. The Internal Revenue Service does not have the information sought in its possession. All administrative steps have been followed. Therefore, the Government has met its burden to enforce the summons. The burden then shifts to the Respondent to disprove one of the four elements. The Respondent failed to disprove any of these elements at the hearings on February 11, 2008 and July 21, 2008, or in any subsequent filing.

### B. Fifth Amendment Privilege

The Respondent invoked his Fifth Amendment privilege against self-incrimination. The Court set forth the law regarding Fifth Amendment privilege in its Order (Doc. 31) entered on April 17, 2008, and will restate it here. The Fifth Amendment protects a person who asserts the privilege from compelled self-incrimination. *United States v. Doe*, 465 U.S. 605, 610 (1984). If the records are prepared voluntarily then there is no compulsion. *Id*. Generally, the Fifth Amendment is not violated by the production of documents alone even if on their face, the documents might incriminate a taxpayer because "'the privilege only protects a person against being incriminated by his own compelled testimonial communications.'" *Id*., citing *Fisher v. United* States, 425 U.S. 391 (1976).

Even though the contents of the documents may not be privileged, the production of the documents may be. *United States v. Doe*, 465 U.S. at 612. "A government subpoena compels the holder of the document to perform an act that may have testimonial aspects and an incriminating effect. As we noted in *Fisher*: 'Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer. It also would indicate the taxpayer's belief that the papers are those described in the subpoena.'" *Id*. at 612-613, citing *Fisher*, 425 U.S. at 410. The resolution of whether the production of documents has testimonial aspects and an incriminating effect must be determined on the facts and circumstances of a particular case. *Id*. at 613. A Fifth

Amendment Privilege may be asserted in any civil or criminal, administrative or judicial, investigatory or adjudicatory proceeding.  *U.S. v. Argomaniz*, 925 F.2d 1349, 1352-1353 (11th Cir. 1991).

A taxpayer who asserts the privilege must show more "'than mere speculative, generalized allegation of possible tax-related prosecution . . . [T]he taxpayer must be faced with substantial and real hazards of self-incrimination.'" *U.S. v. Argomaniz*, 925 F.2d at 1353, citing *United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir. 1985). The taxpayer must be facing the real hazard of criminal liability. *Id*.  If compliance with the subpoena would cause the taxpayer to incriminate himself, then if so, the privilege is properly invoked.  *Id*.  There can be a fear of criminal prosecution even though the subpoena was issued in a civil case with the IRS.  *Id*.

Herdoiza has the burden to show that he is faced with a real hazard that he will be prosecuted criminally.  The Court reviewed the documents that were submitted *in camera*.  On the face of these documents, the Court does not find that Herdoiza is facing a real hazard that he will be prosecuted criminally.  At the hearing, the Court gave Herdoiza many opportunities to explain why he believes that there is a real hazard that he is facing criminal prosecution by producing documents or providing testimony.  Herdoiza never mentioned the documents he produced *in camera* and never showed that he has a real hazard that he will be prosecuted criminally if these documents are provided to the IRS or if he provides testimony to the Revenue Officer.  Assistant United States Attorney Kyle Cohen stated on the record that there is no referral for criminal prosecution for Herdoiza.  Herdoiza has not met his burden, and therefore, the Court determines that the documents produced *in camera* should be provided to the IRS in response to the summons issued.

Herdoiza produced very few documents for an *in camera* inspection.  Herdoiza was required to produce all documents in his possession that were responsive to the Summons issued on January 3,

2007. The Court also finds that Herdoiza did not make a good faith effort in locating documents responsive to the Summons.

On July 25, 2008, the Court received the Notice of Filing for Nunc Pro Tunc and Filing Statement 2006 (Doc. 51) from Herdoiza. Some of Herdoiza's statements are as follows: Herdoiza "terminates any erroneous election of U.S. 'residence'"; he "was neither born nor naturalized in the 'United States'", yet earlier he states he was born in the "Republic State of New York"; and he lives under "Common Law, having assumed, among the powers of the Earth, the Separate and Equal station to which the Law of Nature and Nature's God entitled me, in order to secure the Blessings of birthright that was taken from me by fraud." Herdoiza arguments and statements are "'utterly without merit'" and frivolous. *See*, *United States v. Morse*, 2008 WL 2570824, *2 (11th Cir. 2008).

### IV. Conclusion

The Court determines that the Summons issued on January 3, 2007 is enforceable, and that the Fifth Amendment privilege against self-incrimination does not apply to the documents produced by Herdoiza or to his testimony before a Revenue Officer. Further, the Court finds that Herdoiza did not produce all of the documents in his possession that are responsive to the Summons issued on January 3, 2007.

**IT IS RESPECTFULLY RECOMMENDED:**

1) That the Petition to Enforce Internal Revenue Service Summons (Doc. 1) be granted.

2) That the documents produced under seal be unsealed and a copy be provided to counsel for the United States of America.

3) That Robert Herdoiza be required to appear before a Revenue Officer, or any other designated officer of the Internal Revenue Service and give testimony and produce for examination and copying all documents in his possession that are responsive to the Summons issued on January 3, 2007.

4) If Robert Herdoiza fails to appear and give testimony or fails to produce the documents required within the thirty (30) day period, then upon Motion by the United States, an order be entered requiring Robert Herdoiza to appear before a district judge upon a day certain to show cause why he should not be adjudged in contempt of court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __4th__ day of August, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record